IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

GEORGE A. STROLL,
      Petitioner

v.                                CIVIL NO. 3:CV-14-884

(Judge Conaboy)

STEVEN GLUNT, ET AL.,
      Respondents

**FILED SCRANTON**
**JUL 14 2014**
PER _____
DEPUTY CLERK

## MEMORANDUM
### Background

This is the third _pro se_ action seeking habeas corpus relief pursuant to 28 U.S.C. § 2254 initiated with this Court by George A. Stroll an inmate presently confined at the Rockview State Correctional Institution Bellefonte, Pennsylvania. The required filing fee has been paid.

Stroll was convicted of first degree murder and criminal conspiracy following a jury trial in the Dauphin County Court of Common Pleas. He was sentenced to a term of life imprisonment. By way of summary, on January 13, 1994, the Petitioner and his brother, Gregory Stroll, beat their landlord to death with a baseball bat in a dispute about rent.

Following his conviction, Petitioner filed an unsuccessful direct appeal to the Pennsylvania Superior Court. See Commonwealth v. Stroll, 671 A.2d 773 (Pa. Super 1995)(Table). A petition for

allowance of appeal to the Pennsylvania Supreme Court was denied. See Commonwealth v. Stroll, 682 A.2d 309 (Pa. 1996)(Table).

Stroll then sought relief pursuant to a petition under Pennsylvania's Post Conviction Relief Act (PCRA). The Court of Common Pleas denied relief. The Superior Court affirmed the denial of the PCRA petition. See Commonwealth v. Stroll, 742 A.2d 212 (Pa. Super. 1999)(Table). The Pennsylvania Supreme Court denied the Petitioner's petition for allowance of appeal. See Commonwealth v. Stroll, 747 A.2d 368 (Pa. 1999)(Table).

In his first § 2254 action before this Court, Stroll v. Johnson, et al., Civil No. 3:00-CV-1959, Petitioner asserted the following claims for federal habeas corpus relief: (A) trial counsel was ineffective for neglecting to ascertain whether a recording of his confession coincided with a typewritten statement and failing to seek a mistrial and/or the removal of a juror who possessed and read a newspaper in the jury room which contained an article pertaining to his case, and ask for a jury instruction regarding the voluntariness of Petitioner's statement; (B) his conviction was obtained through a coerced confession; (C) the Commonwealth failed to disclose favorable evidence; (D) Police Detective Pickles gave perjured testimony; and (E) denial of the opportunity to enter a guilty plea.

Stroll thereafter submitted three (3) amended claims to his original petition: (F) the trial court erroneously instructed the

jury; (G) a juror who overheard a conversation between the defense counsel and Petitioner's family was not removed; and (H) an erroneous accomplice liability instruction was given to the jury regarding the conspiracy charge. See Doc. 14.

By Order dated May 10, 2002, the Petitioner was granted leave to file a second amended petition. Stroll's second amended petition set forth the following supplemental claims: (I) the trial court erred by permitting statements by the Petitioner and his brother [co-defendant} to be read into evidence; (J) the evidence was insufficient to support a finding of first degree murder; (K) the Commonwealth's medical expert was improperly permitted to draw and display in red ink the location of the blows to a sketch of the victim; (K-2) a photograph of the blood stained clothing and shoes worn by the Petitioner was improperly admitted into evidence; (L) the trial court erred by refusing to provide an involuntary manslaughter jury instruction; (M) an involuntary guilty plea by co-defendant Gregory Stroll deprived Petitioner of the ability to enter a guilty plea to a lesser offense; and (N) trial counsel neglected to object to the terms of a joint plea agreement which would have impermissibly coupled guilty pleas by the co-defendants.

By Memorandum and Order dated December 4, 2004, it was determined that several of Petitioner's claims (claims A-H) were procedurally defaulted and subject to dismissal. It was also concluded that claims I-N were fully exhausted in state court and

not subject to dismissal. Thereafter, Petitioner's request to voluntarily dismiss his remaining claims was granted on February 26, 2004 and the Clerk of Court was directed to close the case.

On May 10, 2004, Petitioner filed a second pro se § 2254 habeas corpus petition, Stroll v. Johnson, 3:04-CV-1028, with this Court. Service of that Petition was ordered. Stroll's second habeas corpus petition set forth the following three claims: (1) the trial court violated the Confrontation Clause by overruling an objection to the admittance of two mutually accusatory extrajudicial hearsay statements read to the jury; (2) the evidence was insufficient to support the jury's finding of guilt; and (3) the trial court erred by refusing to grant Petitioner's request for an involuntary manslaughter jury instruction. By Memorandum and Order dated October 7, 2005, the merits of Petitioner's three claims were addressed and his petition was denied.

On May 8, 2014, Petitioner filed a third § 2254 action with this Court which also challenges his Dauphin County conviction on charges of first degree murder and criminal conspiracy. While the pending petition acknowledges the filing of Stroll, Civil No. 3:00-CV-1959, it makes no reference to Petitioner's second § 2254 action, Stroll, 3:04-CV-1028, which was addressed on its merits by this Court.

In His pending action Petitioner seeks relief with respect to Claim H (an erroneous accomplice liability instruction was given

4

to the jury regarding the conspiracy charge) from Stroll, Civil No. 3:00-CV-1959, which was dismissed as being procedurally defaulted. Stroll asks that said claim be reopened in light of the Supreme Court's decision in Martinez v. Ryan, 132 S. Ct. 1309 (2012).[1]

### Discussion

28 U.S.C. § 2244(a) and Rule 9(b) of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977), set forth the pertinent authority for determination as to whether second or successive § 2254 habeas corpus petitions may be reviewed by federal district courts. See Graham v. Warden, FCI-Allenwood, 2009 WL 326010 *1 (3d Cir. Oct. 13, 2009)(§ 2244(a) bars second or successive challenges to the legality of detention). Rule 9(b) of the Habeas Corpus Rules provides:

> Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate

---

[1] In Martinez, the United States Supreme Court held that ineffective assistance of counsel in a PCRA proceeding could constitute cause for a procedural default. The finding was limited to situations where PCRA counsel failed to raise issues of ineffective assistance by trial counsel and thereby procedurally defaulted the claim for purposes of federal habeas corpus review. See Boyd v. Bozum, 2012 WL 3595301 *2 (W.D. Pa. Aug. 21, 2012).
    However, it has been recognized that the Martinez decision is simply a change in decisional law which does not warrant relief under Federal Rule of Civil Procedure Rule 60(b). Brown v. Wenerowicz, 2012 WL 6151191 *2 (E.D. Pa. Dec. 11, 2012); Darrington v. Pa. Dept. of Corrections, 2013 WL 596063 (M.D. Pa. Feb. 14, 2013)(Nealon, J.); Vought v. Coleman, 2012 WL 2930871 *4 (W.D. Pa. July 18, 2012).

5

>    court of appeals authorizing the district court to
>    consider the petition as required by 28 U.S.C. §
>    2244(b)(3) and (4).

Section 2244(3)(A) provides:

>    Before a second or successive application permitted
>    by this section is filed in the district court, the
>    applicant shall move in the appropriate court of
>    appeals for an order authorizing the district court to
>    consider the application.

Since all of the claims raised in Stroll's second § 2254 action were addressed and denied on their merits, the pending matter is clearly a second or successive petition.

By decision dated February 3, 2014, the United States Court of Appeals for the Third Circuit denied Stroll's request for leave to file a second or successive petition as unnecessary because the dismissal of Stroll's **only** [emphasis added] previous habeas petition action was dismissed without prejudice. Based upon the wording of the February 3, 2014 decision, it appears that Petitioner also failed to acknowledge the filing and disposition of Stroll, 3:04-CV-1028 in his application with the Court of Appeals.

As discussed above, Stroll clearly filed two prior § 2254 action with this Court regarding the same Dauphin County conviction which is the subject of his pending action. As previously noted, all of the claims raised in Stroll's second § 2254 action were addressed and denied on their merits.

Given those circumstances and the liberal treatment afforded to pro se litigants, Stroll's pending third habeas corpus action will be construed as an application for leave to file a second or successive habeas corpus petition. The Clerk of Court will be directed to transfer this action to the United States Court of Appeals for the Third Circuit.

_____
RICHARD P. CONABOY
United States District Judge

DATED: JULY 14th, 2014